UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

LYNDA B.,

                                                    Plaintiff,

                                v.

KILOLO KIJAKAZI,
Acting Commissioner of Social Security,

                                                    Defendant.

                                            DECISION AND ORDER

                                            21-CV-0237L

_____

       Plaintiff appeals from a denial of disability benefits by the Commissioner of Social Security ("the Commissioner"). The action is one brought pursuant to 42 U.S.C. § 405(g) to review the Commissioner's final determination.

       On January 14, 2019, plaintiff protectively filed an application for supplemental security income, alleging disability beginning September 1, 2018. (Dkt. #6 at 26). Her application was denied initially, and upon reconsideration. Plaintiff requested a hearing, which was held May 21, 2020 via telephone conference before Administrative Law Judge ("ALJ") Mary Mattimore. The ALJ issued an unfavorable decision on June 24, 2020, concluding that plaintiff was not disabled under the Social Security Act. That decision became the final decision of the Commissioner when the Appeals Council denied review on December 14, 2020. (Dkt. #6 at 1-3). Plaintiff now appeals.

       The plaintiff has moved to remand the matter for the calculation and payment of benefits, and the Commissioner has cross moved for judgment on the pleadings, pursuant to Fed. R. Civ.

Proc. 12(c). For the reasons set forth below, plaintiff's motion for remand (Dkt. #8) is denied, and the Commissioner's cross motion (Dkt. #9) is granted.

## DISCUSSION

### I.    The ALJ's Evaluation

Familiarity with the five-step evaluation process for determining Social Security disability claims is presumed. *See* 20 CFR §404.1520. The Commissioner's decision that plaintiff is not disabled must be affirmed if it is supported by substantial evidence, and if the ALJ has applied the correct legal standards. *See* 42 U.S.C. §405(g); *Machadio v. Apfel*, 276 F.3d 103, 108 (2d Cir. 2002).

Here, the ALJ determined that the plaintiff, who was 49 years old as of the application date, had the following severe impairments, which did not meet or equal a listed impairment: degenerative disc disease of the cervical and lumbar spine, arthritis, status post left knee surgery, chronic obstructive pulmonary disease ("COPD") and radiculopathy of the lumbar spine. (Dkt. #6 at 28).

After summarizing the record, the ALJ determined that plaintiff retained the RFC to perform light work, except that she could no more than occasionally climb ramps and stairs, stoop, kneel, push and pull bilaterally, reach overhead bilaterally, and operate foot controls. She can never crouch or crawl, or climb ladders, ropes, or scaffolds. Further, she requires the ability to change positions from sitting to standing and/or walking every hour while on task and at the work station. She can have no concentrated exposure to fumes, odors, dust, gases, or other pulmonary irritants, temperature extremes, humidity, unprotected heights, or hazardous machinery. Finally, she is limited to simple, routine work involving only simple workplace decisions. (Dkt. #6 at 31).

Plaintiff has no past relevant work. However, when presented with this RFC as part of a hypothetical question at the hearing, vocational expert Susan B. Gaudet testified that such an individual could perform the representative unskilled, light exertion positions of laundry folder and bakery worker (conveyor line). (Dkt. #6 at 37). The ALJ thus found plaintiff not disabled.

**II.    Applicability of Listing 1.04**

Plaintiff chiefly argues that the ALJ should have found, at step 3 of the sequential analysis, that her impairments met the requirements of a listed impairment – specifically, Listing 1.04, titled Disorders of the Spine. 20 C.F.R. Subpt. P, Pt. 404, App. 1 at 1.04.

As relevant here,[1] Listing 1.04(A) includes:

> degenerative disc disease [with] . . . Evidence of nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion in the spine, motor loss [that is] accompanied by sensory or reflex loss and, if there is involvement of the lower back, positive straight-leg raising test (sitting and supine).

In her decision, the ALJ noted that she had given "particular attention" to Listing 1.04, but found that "the evidence in this case does not establish the presence of compromise of a nerve root or the spinal cord resulting in nerve root compression with the required symptoms and findings on clinical examination (1.04A) . . ." (Dkt. #6 at 30).

Plaintiff argues that the ALJ's reasoning was insufficiently stated and/or factually erroneous, because the record established that plaintiff suffered from each of the listed symptoms at least once during the relevant period, and an April 2020 MRI of her lumbar spine showed

---

[1] Listing 1.04 is no longer in effect, and subsequent regulatory revisions describe spinal disorders under different listings. For purposes of plaintiff's claim, however, the parties agree that the version that was in effect at the time of the ALJ's decision, as set forth above, applies.

3

left-sided disc herniation at L5-S1 compressing the left S1 nerve root, with "marked encroachment" on the L5 nerve roots. (Dkt. #6 at 466).

Although plaintiff is correct that the record establishes that she presented with the specified symptoms periodically during the relevant period (reduced range of motion, complaints of weakness, diminished sensation, positive straight leg raising, complaints of pain radiating into the leg), it is undisputed that on many other occasions, she did not (e.g., showing full range of motion, full strength, intact reflexes and sensation, and negative straight leg raising tests). *Compare* Dkt. #6 at 341-43, 445-46, 450, 465, 469 *with* Dkt. #6 at 285-86, 298, 302-04, 327-29, 342-44, 445.

Imaging evidence of nerve root compression is similarly inconsistent. An April 16, 2020 treatment note from plaintiff's treating nurse practitioner Julia Gajewski, cosigned by Dr. Jafar Siddiqui, described one of them having "personally reviewed" an April 3, 2020 MRI scan of plaintiff's lumbar spine, which showed "left-sided disc herniation at L5-S1 compressing the transversing left S1 nerve roots," and "marked encroachment upon the exiting left L5 nerve roots." (Dkt. #6 at 466).

However, earlier MRI scans, conducted on March 4, 2019, and June 21, 2019 (shortly after the plaintiff's application for disability benefits was filed), showed disc protrusions and eventually neuroforaminal stenosis (narrowing of the spaces in the spinal column through which the spinal nerve exits), but no encroachment on the nerve root. (Dkt. #6 at 302, 365, 469).

In order to "qualify for listing severity, the claimant must show that [s]he meets all the requirements of the listing consistently." *Beach v. Commissioner*, 2014 U.S. Dist. LEXIS 28283 at *9-*10 (N.D.N.Y. 2014) (citing *Evans v. Astrue*, 2012 U.S. Dist. LEXIS 176211 at *8 (W.D.N.Y. 2012)). Sporadic findings that some of a listing's requirements are intermittently met are not sufficient, particularly when compared with episodes of contrary findings during the

relevant period. In short, it does not appear that plaintiff satisfied all of the elements of the listing, contemporaneously or repeatedly, for a twelve-month period.

This is not a case in which the ALJ overlooked relevant evidence of record, or where the record contained gaps that prevented a well-supported determination of whether plaintiff satisfied the elements of the Listing consistently and/or met the durational requirement. The ALJ described all of the elements of Listing 1.04 and cited to the relevant exhibits in the record, acknowledging those that demonstrated the symptoms contained in the Listing as well as those that did not, and ultimately determined that plaintiff's demonstrations of neuroanatomic distribution of pain, motor weakness, sensory loss, reflex abnormalities, and positive straight leg raising tests were too inconsistent to meet or exceed the Listing. (Dkt. #6 at 30, 33-35). I find no factual or legal error therein.

### III.  The ALJ's Credibility Determination

Plaintiff also argues that the ALJ erred in finding her complaints of disabling symptoms, and in particular, her testimony concerning pain upon standing and walking, not to be fully credible.

Specifically, in finding that plaintiff could perform light work, with additional postural limitations and a sit-stand option allowing her to change positions between sitting, standing, and/or walking every hour, the ALJ implicitly rejected plaintiff's testimony that her back pain made her unable to tolerate standing for more than 10-12 minutes. (Dkt. #6 at 31, 69). Plaintiff also contends that the ALJ placed undue weight on plaintiff's self-reported activities of daily living, such as the ability to engage in cooking, household chores, and walking for up to 15 minutes to a fishing spot. (Dkt. #6 at 35). *See generally Lesanti v. Commissioner*, 436 F. Supp. 3d 639, 651 (W.D.N.Y. 2022)(in evaluating the intensity, persistence, and limiting effects of an individual's symptoms, the

ALJ must consider several factors including the claimant's daily activities, frequency and intensity of pain symptoms, causative or aggravating factors, type and effectiveness of treatments, and other pain relief measures)(citing SSR 16-3p, 2016 SSR LEXIS 4 (2017)).

In finding that plaintiff's subjective complaints appeared out of proportion with other evidence of record, the ALJ did not rely solely on plaintiff's self-reported activities, but considered other relevant factors, including treatment records showing normal range of motion, normal gait, and normal neurological findings. The ALJ observed that plaintiff's treatment had been conservative, consisting primarily of pain medication and epidural steroid injections, which were reported to be effective in managing plaintiff's symptoms.

Moreover, the ALJ's RFC determination was consistent with all of the medical opinions of record, comprised of that of consulting internist Dr. Hongbiao Liu, who opined that plaintiff's exertional and postural limitations were mild, and those of agency reviewers Dr. Poss and Dr. Koenig, who found that plaintiff was capable of a range of light work. (Dkt. #6 at 36, 89-90, 103-105, 354, 404-05). Taken together, these opinions and records comprise substantial evidence which support the ALJ's RFC determination, as well as her implicit conclusion that plaintiff's complaints of disabling pain with standing and walking for short periods were not fully credible, and that plaintiff was capable of a very limited range of light work. I find no reason to disturb those findings.

## CONCLUSION

For the foregoing reasons, plaintiff's motion to remand this matter (Dkt. #8) is denied, the Commissioner's cross motion for judgment on the pleadings (Dkt. #9) is granted. The decision appealed-from is affirmed, and the complaint is dismissed.

IT IS SO ORDERED.

_____
DAVID G. LARIMER
United States District Judge

Dated: Rochester, New York
       December 6, 2022.